Bagicha SINGH, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–72303.
Agency No. A27–553–295.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Cindy S. Ferrier, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., John C. Cunningham, Esq., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Bagicha Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing in part, and sustaining in part the cross-appeals of the Immigra-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion Judge's decision denying his application for asylum and withholding of deportation. To the extent we have jurisdiction, it is conferred by the former 8 U.S.C. § 1105a. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence, *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000), and we deny the petition in part, and dismiss it in part.

 Substantial evidence supports the BIA's conclusion that Singh failed to establish either past persecution or a well-founded fear of future persecution on account of a protected ground by either the Sikh militants or the police. For example, the record demonstrates that Singh alleged only that he would be persecuted by Sikh militants based on his status as a former police officer. *See id.* ("persecution resulting from membership in the police or military is insufficient, *by itself*, to establish persecution on account of membership in a particular social group or political opinion.") (emphasis in original). In addition, although Singh contends that he will be persecuted by the police because he opposed the tactics used against suspected militants, there is no evidence in the record that he ever expressed that political opinion to the police or that the police would impute that political opinion to him given that he never refused to perform his job duties and always followed orders to beat suspected militants. *See Al–Harbi v. INS*, 242 F.3d 882, 889 (9th Cir.2001) ("Punishment on account of desertion generally does not support refugee status, unless it can be shown that such punishment is based on political opinion or another statutorily-protected ground."). Accordingly, Singh necessarily failed to satisfy the more stringent standard for

---

withholding of deportation. *See Cruz–Navarro*, 232 F.3d at 1031.

We lack jurisdiction to review the BIA's discretionary denial of Singh's application for voluntary departure. *See Beltran–Tirado v. INS*, 213 F.3d 1179, 1182 (9th Cir.2000).

PETITION FOR REVIEW DENIED in part, and DISMISSED in part.